MARY CURTIS et al., Petitioners, Respondents, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 6, 1907.**

1. **ATTORNEY AND CLIENT: Lien for Fee.** Following Curtis v. Railway, 118 Mo. App. 341, this case is affirmed.

2. ———: ———: **Amount of Recovery.** In a damage suit plaintiff agreed that her lawyers should have fifty per cent of the recovery and defendant, after being notified of the contract, settled with the plaintiff for two hundred dollars and assumed the attorney's fee. *Held*, the attorneys were entitled to two hundred dollars and not one hundred dollars.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale*, Judge.

AFFIRMED.

*John H. Lucas, Charles A. Loomis* and *Ben F. White* for appellant.

The court erred in its refusal to give the declarations of law as asked by the defendant, and especially those numbered 1, 5, 6 and 7. Yonge v. Transit Co., 109 Mo. App. 235; Leslie v. York, 66 S. W. 751; O'Connor v. Transit Co., 97 S. W. 150; Taylor v. Transit Co., 97 S. W. 156; Wilbur v. Baker, 24 Hun (N. Y.) 24.

*E. A. Scholer* and *T. J. Madden* for respondent.

(1) The opinion of this court on the former appeal is the law of the case upon this appeal. Thompson, etc., Co. v. Company, 76 Mo. App. 418; Chapman v. Railroad, 146 Mo. 481; Sublette v. Railroad, — Mo. App. —, 99 S. W. 467. (2) On the question of the amount of the lien it was our contention on the former appeal that the attorneys were entitled to half the judgment, and we think so now, but the court held that

125 App—24

the client could liquidate the amount of the lien, but could not vary the proportion that client and attorney should receive. The contract having provided that the interests of attorneys and client were equal, it was not within the power of the parties to the suit to change it; that while she might have the right to reduce the fee to the level of her own recovery, she certainly could not make it less.

JOHNSON, J.—This is a proceeding to enforce an attorneys' lien under the provisions of the statute. [Session Acts, 1901, p. 46.] The cause was here on a former appeal and in the opinion filed therein we discussed and determined the rights of the parties and the course of procedure to be followed, and the cause was returned to the circuit court to be heard and determined in accordance with the views expressed. [Curtis v. Railroad, 118 Mo. App. 341.] In the trial anew, the facts adduced did not differ materially from those presented on the former appeal and the learned trial judge followed our opinion and entered judgment in favor of the attorneys and adjudged that the same be enforced as a lien on the judgment previously obtained by their client against the defendant and which was compromised and settled by the parties thereto without the knowledge or consent of the attorneys. From this judgment, defendant again has appealed and is earnestly endeavoring to convince us that our conclusions as before expressed are unsound. A thorough re-examination of the questions involved has resulted only in a firmer establishment of the conviction that both on reason and authority the decision was correct and should not be disturbed.

But one of the several questions before determined appears to require further elucidation. We held that, as the contract between plaintiff and her attorneys provided for the payment to the latter of an attorneys' fee

"equal to fifty per cent of the amount recovered either by suit or compromise" and as, under the settlement made between plaintiff and defendant, she was paid the sum of two hundred dollars, and defendant, in addition, agreed to discharge the lien of the attorneys, the amount of the fee thus liquidated was two hundred dollars and not one hundred dollars as erroneously assumed by defendant. The soundness of this view being seriously challenged, we now will give to the subject a more extended discussion than that appearing in our former opinion.

We begin its consideration by assuming that in their settlement, plaintiff and defendant acted in good faith, without any purpose to defraud the attorneys of the former out of any portion of their just due, under the contract of employment, and on this hypothesis, our inquiry leads us to this question: What were the proceeds of the settlement? The contract gave to the attorneys fifty per cent of the entire proceeds, and if they are to be measured alone by the payment of two hundred dollars made by defendant to plaintiff, then defendant would be right in the contention that the attorneys are entitled to a fee of but one hundred dollars. If, on the other hand, the settlement made produced other fruits, the attorneys should receive their moiety of all. As long as the parties acted in good faith, the defendant, at the risk of having to pay the attorneys' fee twice, because of the lien which attached to the judgment, could agree with plaintiff to pay her the entire proceeds of the settlement and depend on her to pay her lawyers their fee. And, had it been the understanding that the payment of two hundred dollars made to plaintiff was to include the amount due them, we would have no hesitation in saying that her failure to pay the fee would give to the attorneys no other lien, under the statute, than one for the security of a fee of one hundred dollars. In such case, the payment to plaintiff would include

the entire proceeds of the settlement and would fix the standard by which the fee should be measured. But that was not the settlement made in this case. Defendant, knowing that the attorneys had a lien on the judgment obtained by their client, made the settlement on the distinct understanding that the sum of two hundred dollars which they paid plaintiff did not include the fee of her attorneys or any part thereof, and agreed with her, in addition to the amount paid her, to discharge the lien of the attorneys. In other words, as part of the settlement, they agreed to pay her attorneys the amount the latter were entitled to receive under the contract of employment. And, under this agreement, the proceeds of the settlement received by plaintiff were composed of the sum of two hundred dollars in cash paid to her and the promise of defendant to pay her lawyers. Defendant, thereby, assumed the burden of discharging plaintiff's obligation as fixed by the terms of the contract of employment, and the extent thereof is not affected by the erroneous assumption of the parties that the fee of the attorneys was limited to one-half of the cash payment made to plaintiff. The contract required that the fee should equal the amount of plaintiff's share of the proceeds of any settlement, and should we say that defendant could pay plaintiff two hundred dollars as her share of the proceeds and discharge the attorneys' lien on the payment of one hundred dollars to the attorneys, we would arbitrarily and without any legal justification change the terms of the contract by giving to the attorneys, not one-half of the proceeds, but only one-third thereof.

Defendant endeavors to illuminate its argument with this illustration: "Suppose that in the case at bar it had been the defendant, in place of plaintiff who was insolvent, and that plaintiff had been perfectly solvent. Respondents, in that case, could have followed the 'proceeds' into the hands of the plaintiff and claimed their

fee. *How much would it have been?* Not two hundred dollars, for that is *all* the plaintiff got, and they agreed to divide equally. There certainly can be no question that in such case their interest in the judgment would have been but one hundred or 'fifty per cent of the amount recovered.' Then how can they be entitled to any *more* because the money is to come from defendant in place of plaintiff? The *amount* is fixed by the *terms* of the *notice* to defendant of the *contract,* and that cannot change because the paymaster may be different."

To answer the question raised in this example is not difficult. The clandestine agreement of plaintiff and defendant to settle their controversy did not absolve plaintiff from her obligation to her attorneys under the contract of employment, and if she chose to accept the promise of an insolvent for a part of the proceeds of that settlement, she assumed the risk of the failure of her promisor to pay. She could no more require her lawyers to share in that risk than she could compel them to accept the whole of it in consideration of their demand against her. In the case supposed, as in the one actually before us, the proceeds of the settlement would consist of the sum of the amount of the cash payment and the amount covered by the promise and the attorneys would be entitled to recover from their client one-half of the total sum.

Further, it is argued that as the parties to the settlement understood that the attorneys were entitled to not more than one hundred dollars under their contract, the promise of defendant was, in effect, a promise to pay one hundred dollars in addition to the sum of two hundred dollars paid to plaintiff, and to permit the attorneys to recover two hundred dollars would impose on defendant a burden of one hundred dollars in excess of the amount the settlement agreement required it to pay. Plaintiff, while acting within the limits of good faith, had the right to settle her entire cause of action for any

amount she chose to accept, and had the settlement agreement provided that in addition to the sum of two hundred dollars paid to plaintiff, defendant was to pay one hundred on account of her attorneys' fee, we would hold that the entire proceeds of the settlement would amount to three hundred dollars, and that the amount of the lien of the attorneys would equal one-half of that sum, but the agreement really made by defendant required it to discharge in full the lien of the attorneys. It was the understanding that plaintiff was to have two hundred dollars as her share of the proceeds of the settlement, and that defendant was to pay her attorneys. The fact that both parties put a wrong legal construction on the contract of employment could neither operate to deprive the attorneys of any part of their fee nor to relieve defendant from the payment of the entire amount thereof. Neither party was mistaken as to the facts of the case. Defendant knew the terms of the contract and will not be heard to interpose its erroneous interpretation of the law applicable to the rights of the lien holders as a partial defense to the enforcement of the lien.

Finding, as we do, that the entire proceeds of the settlement amounted to the sum of four hundred dollars, it follows that the attorneys are entitled to recover in this proceeding the sum of two hundred dollars. Accordingly, the judgment is affirmed. All concur.