CASE 20.—ACTION BY FREDERICK W. SCHMITZ AGAINST
    THE SOUTH COVINGTON & CINCINNATI STREET
    RAILWAY CO. TO RECOVER AN ATTORNEYS
    FEE.—January 7.

# Schmitz v. South Cov. & Cin. St. Ry. Co.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for defendant.    Plaintiff appeals—Affirmed.

Attorney and Client—Contract for Contingent Fee—Construction.
    —An attorney's contract provided that his client should pay
    a fee equal to 50 per cent. of any sum collected or recovered
    by suit or compromise. After suit a settlement was effected
    between defendant and the client by which the client was
    paid $1,500; defendant agreeing to pay the attorney the fee
    agreed on between him and his client. Held, that the attor-
    ney did not occupy the same relation to defendant as the
    client did, and that he was therefore only entitled to receive
    one-half of the amount paid his client, and not a sum equal
    to the amount so paid.

FRANK M. TRACY and FREDERICK W. SCHMITZ for
appellant.

## CONCLUSION.

It is submitted on behalf of appellant, that the judgment of
the Kenton Circuit Court was erroneous upon both contentions
herein advanced by the appellant, to-wit:

1. The settlement herein was upon a basis of $3,000.00, and the
appellant was entitled to a fee of $1,500.00. It is on such a basis
alone, that Mrs. Linss could retain $1,500.00 as her own exclusive
share.

2. That, without even considering the agreement executed by
E. W. Fitzgerald, binding appellees to the payment of the attor-

ney's fee, there was sufficient evidence that the settlement was on a basis of $3,000.00, to take the case to the jury. However, the constituent facts are fully admitted by appellees, and therefore a peremptory instruction should have been given for appellant in the sum of $750.00.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 107; Leslie v. York, 23 Ky. Law Rep. 2076; Curtis v. Metropolitan Street Ry. Co., 125 Mo. App. 306, 102 S. W. 62; Same v. Same, 118 Mo. App. 341, 94 S. W. 762; Adams v. Simpson, 31 Ky. Law Rep. 604; Switchmen's Union of N. A. v. Johnson, 105 S. W. 1193; Prov. Sav. Life Assurance Soc. v. Johnson, 100 S. W. 246; L. & N. R. R. Co. v. Fowler, 29 Ky. Law Rep. 905; Hall v. L., H. & St. L. Ry. Co., 29 Ky. Law Rep. 584; Pilkington v. Brooklyn Heights R. Co., 63 N. Y. S. 211.

ERNST & CASSATT for appellee.

### SUMMARY.

1. All the evidence of this transaction is to be found in written instruments and the court properly took the case from the jury and decided it upon the written instruments. (Encyclopedia of Evidence, vol. 9, p. 328; 4 Wigmore on Evidence, sec. 2446; Sayre v. Burdick, 47 Minn. 367; Schneider v. Kirkpatrick, 80 Mo. App. 145, 152; Colston v. Chenault, 20 Ky. Law Rep. 226.)

2. Even if there had been anything to submit to the jury this was waived by the motions made by both parties at the same time to take from the jury. (Buetell v. Magone, 157 U. S. 154.)

3. This suit is on an agreement of the defendant to pay plaintiff's fee. The agreement of the company to pay the fee was conclusively based upon a settlement of fifteen hundred dollars ($1,500), and therefore amounted to seven hundred and fifty dollars ($750). As this was the only amount plaintiff could have recovered from his clients, he can not recover any larger amount from the company. The error in appellant's view is the assumption that his contract with his clients and their contract with the company entitled him to receive from the company an amount equal to what they received. Such a contract would be champertous and it would violate the express terms of the instruments relied on. (Kentucky Statutes, sec. 209; Leonard v. Boyd, 24 Ky. Law Rep. 1320; Pilkington v. Brooklyn Heights R. R. Co., 49 App. Div. 22; Schriever v. Brooklyn Heights R. R. Co., 49 App. Div.

629; Neu & Gilchrist v. Brooklin Heights R. R. Co., 113 App. Div. 446.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, an attorney at law, was employed by Mrs. Linns to prosecute an action against the appellee company to recover damages for injuries received through its negligence. She agreed in writing "to pay him for his services as such attorney a fee equal to 50 per cent. of any sum collected or recovered by suit, compromise, or otherwise." After the action had been instituted against the company, a settlement of the claim was made between the company and Mrs. Linns, under which she was paid $1,500. The company further agreed, as a part of the settlement, "to pay to Frederick W. Schmitz, attorney for L. F. Linns, the fee agreed upon between said Linns and Schmitz." This controversy is the result of a difference of opinion between Schmitz and the railway company as to the amount he is entitled to be paid. He contends that the company should pay him $1,500, while the company insists that he is only entitled to $750. The lower court accepted as correct the company's view, and Schmitz appeals.

Although the question at issue is a very simple one, depending entirely upon the proper construction of the agreements between the parties, we are yet confronted by the opinions of two courts, although neither of them are courts of last resort, holding exactly contrary views concerning the identical question here presented. In Curtis v. Metropolitan St. Ry. Co., 125 Mo. App. 369, 102 S. W. 62, the attorney was to receive a fee equal to 50 per cent. of the amount recovered by suit or compromise. The claim

was compromised by the payment to the plaintiff of $200 and an agreement to pay the attorney. ·The question at issue being whether the attorney was entitled to $100 or $200, the court held that the attorney was entitled to $200. The Supreme Court of New York, Appellate Division, in Pilkington v. Brooklyn Heights Ry. Co., 49 App. Div. 22, 63 N. Y. Supp. 211, and the same court, in New & Gilchrist v. Brooklyn Heights Ry. Co., 113 App. Div. 446, 99 N. Y. Supp. 290, held that, under a contract like the one involved in this case, the attorney, upon a settlement between the company and the plaintiff, was only entitled to recover from the company one-half of the amount paid to his client.

In the case before us, Mrs. Linns agreed to pay her attorney an amount equal to 50 per cent. of any sum she recovered. The railway company in its settlement with her obligated itself to pay her attorney the agreed fee. In other words, when the settlement with Mrs. Linns was made, the company took her place as between her and her attorney, and agreed to pay him the amount that she had obligated herself to pay him. Therefore, as she agreed to pay her attorney one-half of the amount recovered, it seems plain that the attorney was only entitled to collect from the party who took her place in the contract one-half of $1,500, or $750. Suppose the company had been insolvent, and the attorney could not recover from it any part of his fee, how much could he have recovered from his client? Clearly only $750, one-half the amount she recovered. As he could only recover from her this sum, we are unable to understand how he can require a third party to pay him more than he could have collected from his client, as in the settlement the company only undertook to pay to the attorney

whatever his client under the agreement was liable for.

Counsel for appellant argues that in the settlement the company really obligated itself to pay $3,000, resting this upon the ground that as the attorney and client were each to receive equal amounts, and the client received $1,500, the attorney was entitled to a like sum. This argument necessarily assumes that the attorney occupied the same relation towards the company as the client, and that one was entitled to receive from the company as much as the other. If this premise was true, the conclusion of counsel would be correct; but in our opinion the premise is unsound, and consequently the conclusion reached is erroneous. The attorney, independent of his client, had no cause of action whatever against the company. His claim against it resulted entirely from his employment. If his client had no claim against the company, neither did the attorney. If the client did not recover anything, neither could the attorney. The amount of the attorney's recovery depended entirely upon the amount recovered by his client. He was to get a share or interest in whatever amount his client received, and hence in determining what the attorney was entitled to, we must of necessity ascertain what the client secured, as the attorney is only entitled to one-half of that amount. The venture of the attorney and the client as between themselves may be treated as a partnership in the sense that the attorney was to receive an amount equal to one-half of the sum recovered by the client, but this partnership did not increase the liability of the company. Its obligation was to pay to the attorney the fee the client would have to pay—no more and no less—and it is clear that the client could only be required to pay one-half of

the amount recovered. If the case had gone to trial, and a judgment had been rendered for $1,500, the client and attorney under the agreement would share equally in the recovery solely because the attorney was to get one-half of the recovery, and in this state of case the client would only receive $750; but, if a third party had come in and assumed to pay the attorney his fee, then the client would receive $1,500, and the attorneys $750. It does not follow from the fact that, because the client received $1,500, the attorney is entitled to a like amount. The amount the attorney is entitled to receive is absolutely fixed by the amount paid to the client. If the attorney receives one-half the amount his client receives, it does not concern him whether he is paid that amount by his client or by some other person.

Wherefore the judgment is affirmed.