## J. W. Sutton, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

### Gen. No. 17,152.

1. ATTORNEY AND CLIENT—*liability of defendant settling direct with client.* Where an attorney contracts with his client to receive as his fee one-half of the amount that should be recovered after suit brought, and the defendant, having notice of the attorney's claim under the Lien Law, settles direct with the client, contracting to pay his attorneys' fees, the defendant is liable to the attorney for only one-half of the amount paid his client.

2. ATTORNEY AND CLIENT—*when attorney bound by statement of claim against defendant.* Where in a fourth class case in the Municipal Court of Chicago for fees an attorney sues a defendant who settled direct with his client, he is bound by what is contained in his statement of claim as to nature of the liability.

3. ATTORNEY AND CLIENT—*when evidence of reasonableness of fee is inadmissible.* Where an attorney, having a contingent fee contract with his client, sues a defendant, who made a direct settlement with the client, as liable under the Attorney's Lien Law, and relies upon his contract with his client, evidence of what is a reasonable fee for services is outside the issues of the case.

CLARK, P. J., dissenting.

Error to the Municipal Court of Chicago; the HON. WILLIAM H. DIETRICH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and judgment here on rehearing. Opinion filed November 12, 1912.

JOHN A. ROSE and FRANK L. KRIETE, for plaintiff in error; JOHN R. GUILLIAMS and W. W. GURLEY, of counsel.

J. W. SUTTON, defendant in error, *pro se.*

MR. JUSTICE BARNES delivered the opinion of the court.

Defendant in error was attorney for one Joseph Speicher in a suit brought by the latter against plaintiff in error to recover for personal injuries. He made

a contract with his client to receive as his fee one half of the amount that should be recovered after commencement of the suit. The company, through its attorney, without his knowledge, settled with Speicher for $325 and $40 additional for his physician, and at the same time gave him the following writing:

"In consideration of your settling your case against the Chicago Railways Company for Three Hundred Twenty-five ($325) Dollars, I hereby agree to see that the Chicago Railways Company pays your attorney, J. W. Sutton, a reasonable fee, whether on account of your written contract with him, or otherwise earned by him.

"Yours very truly,
"J. R. GUILLIAMS,
"Atty. for C. Rys. Co."

This suit was originally brought against said Speicher, and the statement of claim filed was for services rendered by plaintiff, Sutton, on a contract entered into between them. Later, the company was made a party and upon a ruling for a more specific bill of particulars, plaintiff amended his statement of claim by adding that it was against the company for "services performed for Joseph Speicher, one of the defendants herein, who entered into a contract with the plaintiff to pay the plaintiff one-half of any amount recovered in a certain claim of said Speicher against said Chicago Railway Company," etc., and setting up the fact of said settlement and his giving notice of lien under the attorneys' lien act. The company's defense was that it was not informed of the contract and called for strict proof thereof. The case was heard by the court without a jury, and a finding and judgment was entered for plaintiff for $365.

The company admits its liability under said lien law for one-half of $365, but for no more, and error is assigned in the refusal of the court not only to find as a fact, but to hold as law that plaintiff is entitled to recover but one-half of the amount paid to said

Speicher, that is $182.50. We think the point is well taken.

It was held in Walter Cabinet Co. v. Russell, 250 Ill. 416, in a fourth class case in the Municipal Court that "while the formalities of pleading have been abolished by statute, it is still the law in the Municipal Court, as in other courts, that a party is limited, in his evidence, to the claim he has made;" and, "the issue is made by the statement of claim, and the evidence must be limited by that statement." It is apparent that plaintiff sought recovery from Speicher on the latter's contract, and from the company under the attorneys' lien law, and the evidence adduced was upon that theory, consisting as it did of proof of plaintiff's contract with Speicher and of said settlement, and of notice to the company of his claim under the attorneys' lien law, the notice setting forth said contract and claim to any money or property that might be recovered by Speicher. Plaintiff also testified that a reasonable fee for his services was $365, but, as before stated, his statement of claim against the company was based upon said law, which gives the attorney a lien for a reasonable fee, only in the absence of an agreement between him and his client. But as there was an agreement, and he relied upon it in both his notice and claim, the question of reasonable fee was outside of the issues of the case. This was manifestly plaintiff's own theory of the case when begun, for his *ad damnum* limited the recovery to $200. Not until eleven days after the hearing, while the case was still under advisement, did he ask and get leave to increase the same to $400; at the same time he dismissed the case as to Speicher, but the issues of the case were not thereby changed. His claim against the company was still under the lien law, and the only thing mentioned in the statute to which it could attach was not a verdict, judgment or decree, but money recovered on account of such suit.

It was held in Standidge v. Chicago Railways Co.,

254 Ill. 524, that the word "recovered" is used in said act in the sense of "received." All his client received from the company was $365. The fact that the company agreed to assume Speicher's liability to pay Sutton did not enlarge the latter's rights under his contract with Speicher. What he might have recovered on the company's contract with Speicher is a different proposition not within the issues. Had the suit proceeded against Speicher alone on his contract, it is plain that plaintiff could have recovered from him only $182.50—one-half of the amount actually received by him. He certainly could not recover from Speicher on the company's unfulfilled promise to pay his attorney. And when he proceeded against the company alone, it was upon the statutory lien and not on its separate contract for his benefit.

The statute contemplates that the attorney's lien shall be only for the amount he is entitled to recover from his client, and it follows that under it he can recover no more from the company than he could from his client. The agreement with the company was not to pay Speicher anything more than $365, but that it would in addition thereto assume his liability to his attorney. Speicher, however, would still be liable for the $182.50, if the company did not or, for any reason, could not carry out its promise. As stated in a like case (Schmitz v. South Covington & C. St. Ry. Co., 131 Ky. 207): "We are unable to understand how he can require a third party to pay him more than he could have collected from his client, as in the settlement the company only undertook to pay to the attorney whatever his client under the agreement was liable for.  *  *  *  The amount the attorney is entitled to receive is absolutely fixed by the amount paid to the client. If the attorney receives one-half the amount his client receives, it does not concern him whether he is paid that amount by his client or by some other person."

See also Pilkington v. Brooklyn Heights Ry. Co., 49

App. Div. (N. Y.) 22, and Neu v. Brooklyn Heights Ry. Co., 113 App. Div. (N. Y.) 446.

In our judgment, therefore, the court erred in not holding as law the proposition aforesaid submitted to it. But as the error affects the amount only and not the liability, the judgment will be reversed and judgment will be entered here against plaintiff in error for the sum of $182.50, the costs here to be paid by defendant in error.

*Reversed and judgment here.*

MR. PRESIDING JUSTICE CLARK dissenting.

The attorney's lien law provides that "attorneys at law shall have a lien on all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients," etc.

I do not think that the case of Standidge v. Chicago Railways Co., *supra,* applies. In that case there was no agreement by the Railways Company to pay the attorney's fees, as in the case before us.

The claim of Speicher cannot be said to have been settled until the attorney's fees have been paid. When the judgment now being entered in this court is paid the Railways Company will have paid in settlement of the claim of Speicher $547.50, two-thirds to Speicher and one-third to his attorney. The attorney's lien, however, applied to the whole claim for damages, and not to a part of it. The Railways Company, having undertaken to carry out Speicher's contract with his attorney, which provided that Speicher and his attorney should receive each an equal amount, will not have done so, in my opinion, unless it pay the attorney $365. Under the circumstances if settlement of the claim had been made with the attorney, undoubtedly the amount to be paid would have been $730. By

disregarding the attorney and settling direct with Speicher, the Railways Company will have saved $182.50 at the expense of Sutton, the defendant in error, as the lien law and contract of settlement are construed in the majority opinion.

In Curtis v. Metropolitan St. Ry. Co., 125 Mo. App. 369, the court had a similar question before it, and took the view expressed in this dissenting opinion.

I think the judgment should be affirmed.