FOLEY, ADMINISTRATOR, APPELLANT, *v.* KLEINSCHMIDT ET AL., RESPONDENTS.

(No. 1,570.)

(Submitted May 12, 1903. Decided May 13, 1903.)

*Attorney — Compensation — Conditional Contract — Client's Dismissal of Appeal—Effect.*

Where an attorney contracts to perform services in pending suits for a certain sum, a portion of which is to be paid in installments upon their favorable termination, and sues upon the contract, the fact that adverse judgments were rendered will defeat his recovery, though the client, on the advice of another attorney, dismissed appeals therefrom ; the proper remedy being to sue on a *quantum meruit.*

*Appeal from District Court, Lewis and Clarke County; S. McIntire, Judge.*

ACTION by B. H. Foley, as administrator of the estate of Rollin P. Blanchard, against Albert Kleinschmidt and others. From a judgment for defendants, entered on a nonsuit, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. Charles J. Geier,* for Appellant.

*Mr. Massena Bullard,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover of the defendants a judgment for a balance alleged to be due plaintiff's intestate for legal services rendered by him for the defendants. The complaint contains two causes of action. The first declares upon a contract in writing, under the terms of which the deceased undertook to prepare briefs in two certain causes, in which the defendants herein were defendants, for the stipulated sum of $750, $200 of which was to be paid down, and the balance in installments of $250 each, upon the determination of the two causes, respectively, and entry of final judgments therein in favor of the defendants. The breach of the contract upon which recovery is claimed is alleged as follows: "That plaintiff well, promptly, and to defendants' entire satisfaction, prepared and furnished said briefs," and "that defendants, though often thereto requested, have not paid said sum, or any part thereof, exceeding about $250." There is no allegation that said causes have been determined in favor of the defendants, or at all. The second cause of action is upon a *quantum meruit* for services rendered in the same causes at the request of the defendants, of the alleged value of $1,000, no part of which has been paid by the defendants. Judgment is demanded for the sum of $1,500.

At the hearing the second cause of action was abandoned, evidence being offered in support of the first only. This evidence established without contradiction—though it was made to ap-

pear that the briefs had been prepared and furnished to the defendants in accordance with the terms of the contract—that both of the causes mentioned in the contract had resulted in final judgments against the defendants; that appeals had been taken therefrom to this court; and that subsequently the appeals were dismissed by the defendants under the advice of other counsel regularly employed in the causes. At the close of plaintiff's evidence, and upon motion of the defendants, a nonsuit was granted, and judgment entered in favor of the defendants for costs. From this judgment, and an order denying a new trial, plaintiff appealed. The plaintiff having died pending his appeals, the present plaintiff, Bernard H. Foley, administrator, was substituted in his stead.

Complaint is made that the district court erred in granting the motion for nonsuit and directing judgment for defendants. One of the grounds of the motion was that, under the terms of the contract, nothing was to be paid, besides the cash payment, except upon the entry of final judgment in one or both of the causes mentioned therein in favor of defendants, and that the evidence showed affirmatively that adverse judgments had been entered in both. The action of the district court was therefore correct. The contract was an entire contract, and payment thereunder was due upon a contingency. No recovery could be had thereon without allegation and proof that the contingency provided for therein had happened; nor was the situation aided in any way by the fact that the appeals to this court were dismissed by the defendants themselves under the advice of other counsel in the causes, thus preventing the possibility of a favorable judgment upon the determination of the appeals. If plaintiff had any right to recover on the ground that the happening of the contingency was prevented by the act of the defendants, he could still not recover upon the contract, but must be relegated to his action upon a *quantum meruit* for the value of the services actually rendered. This case falls entirely within the

principle declared in *Harris* v. *Root* (decided by this court at the present term), 28 Mont. —, 72 Pac. 429.

There being no other error assigned which shows any merit, the judgment and order must be affirmed.

*Affirmed.*