# O. S. BURHO v. DANIEL F. CARMICHIEL.[1]

April 12, 1912.

Nos. 17,565—(131).

**Attorney and client — contract against public policy.**

A contract of employment between an attorney and his client, whereby the client is prohibited from settling his cause of action unless the attorney consents thereto, is contrary to public policy and void.

**Contract invalid.**

A clause in such contract wherein the client agrees not to employ any other attorney to present, prosecute, or collect the claim, and not to settle the claim except through the attorney named in the contract, is *held* to be an attempt to prohibit the client from settling without the consent of the attorney, and to vitiate the entire contract.

Action in the district court for Hennepin county to cancel a certain written contract. From an order, Steele, J., overruling plaintiff's demurrer to the answer, he appealed. Reversed.

*W. R. Duxbury,* for appellant.

*Homer Morris,* for respondent.

HOLT, J.

This action is brought to cancel a written contract under the terms of which plaintiff employed the defendant, an attorney at law, to prosecute, settle, and collect a claim for damages which plaintiff had against a railway company on account of serious personal injuries sustained through its negligence.

The complaint alleges that when the contract was signed plaintiff was not mentally capable of contracting, being then under the influence of the anæsthetic administered for the surgical operation

[1] Reported in 135 N. W. 386.

[Note] Validity of provision, in contract for contingent fee, forbidding client to settle the claim without attorney's consent, see note in 14 L.R.A.(N.S.) 1101.

rendered imperative by the injuries received, and also that he was induced to sign by reason of the fraud and misrepresentation of the defendant. The contract is attached to and made a part of the complaint.

The answer contains two defenses and a so-called cross-bill, wherein the defendant asks that plaintiff be enjoined from dismissing the suit which defendant, as plaintiff's attorney, brought against the railway company, or settling it except through defendant. The defenses pleaded in the answer and also made a part of the cross-bill are, in short, that plaintiff was capable of contracting at the time the agreement was signed, that he has repeatedly since recognized the contract as valid, and has knowingly suffered the defendant to do work and expend money in preparing for trial the action instituted against the railway company pursuant to the contract, and that no fraud was practiced to induce plaintiff to sign the document. A demurrer interposed to this answer was overruled, and the correctness of the ruling is challenged by this appeal.

If the contract of employment is void the court erred in overruling the demurrer, for there can then be no legal defense to the demand for its cancelation. The defendant bases his entire right to act as plaintiff's attorney upon the contract. If it be invalid, it is utterly immaterial in this action how it was obtained, or whether plaintiff's present attorney or the defendant used the more reprehensible and unprofessional means, or are on par, in the attempt to obtain the right to control plaintiff's cause of action. On the other hand, if the contract be valid on its face, the order should be affirmed. The contract is assailed because of this clause therein:

"I further agree not to employ any other attorney to present, prosecute, or collect said claim, and that I will not settle such claim except through said Daniel F. Carmichiel."

Any contract, or clause in a contract, between an attorney and his client, whereby the client is deprived of the right to compromise, settle, or dismiss his cause of action, should be held to be contrary to public policy and void. Legislatures, courts, and public opinion are united upon the desirability of discouraging strife and litigation

among men, and to that end favor termination of disputes. Therefore the owner of a claim against another should at all times have the unrestricted right to let it lie dormant and unenforced, or, if he has asserted it by bringing suit, he should retain the right to end the suit when and in such manner as he sees fit, subject to the right of the attorney to compensation. Any contract or provision therein by which this right is surrendered to another, is void. Anderson v. Itasca Lumber Co. 86 Minn. 480, 91 N. W. 12, 291; In re Snyder, 190 N. Y. 66, 82 N. E. 742, 14 L.R.A.(N.S.) 1101, 123 Am. St. 533, 13 An. Cas. 441.

Does the clause quoted above from the contract abridge plaintiff's right to settle or terminate his own lawsuit? Of course, if it means no more than an agreement to inform his counsel before a settlement is had, so that the latter may be protected, and also be in position to render that advice and service in the settlement which is usual and proper, the clause is valid and unobjectionable. My associates consider that such construction is not to be given this clause, but rather that the intention and purpose thereby was to prohibit plaintiff from making any settlement except such as the attorney consented to. The employment being upon a percentage of the recovery, the defendant intended to exact the right to determine the amount of the settlement, and prevent it, unless such amount met his approval. The attorney evidently was not satisfied with the lien given him by statute, but attempted to so get control of plaintiff and his cause of action that no attempt at settlement could be made unless he (the attorney) chose to let it go through. It may be contended that this interpretation of the clause is further emphasized by the provision therein against the employment of any other attorney, thus attempting to vest exclusive control of the cause of action in the defendant. The court is also of the opinion that the obnoxious clause is so closely connected with the main subject-matter of the agreement, that the contract as a whole is void.

The writer hereof believes the clause attacked may be given such an interpretation that the contract will not be contrary to public policy. If two constructions may be given to a contract, one of

which makes it valid and the other void, that one which makes it valid should be adopted. Furthermore, in contracts between a client and his attorney the most favorable construction must be given to the rights of the client. With these principles in mind, I find no difficulty in interpreting the clause under consideration as an agreement on the part of plaintiff to advise with defendant as to any probable settlement, and, if plaintiff concludes to make the same, that the defendant, as the attorney, is to carry out plaintiff's desires.

While we are all aware of the fact that an unseemly and pernicious custom has grown up in the legal profession to prematurely seek out and secure personal injury cases, we also know that the agents and attorneys of the defendants in such cases and of the liability insurance companies interested are equally vigilant, and often not overscrupulous in attempting to secure settlements which are inadequate and unfair to the one injured. It seems, therefore, desirable that a client should have the assistance and advice of his attorney in any compromise that may be made in a personal injury suit, and a stipulation to that effect ought not to be illegal.

The opinion of the court, however, is that the demurrer should have been sustained.

Order reversed.