JOSEPH C. CAWLEY *vs.* THOMAS F. BURKE.

JULY 8, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Attorney's Lien.   Measure of Damages.*

Where an attorney elects to pursue his remedy against a defendant in an action where the attorney represented the plaintiff under the provisions of

Pub. Laws, cap. 1515, § 1, January session, 1917, giving an attorney a lien to the value of his contractual interests in the cause of action, his measure of recovery is the value of his lien in accordance with his agreement for compensation made with his former client.

*(2)  Attorney's Lien.   Settlement of Action.*

Where in an action to enforce an attorney's lien, brought against the original defendant, the declaration set out that upon the settlement "of said cause of action or upon the satisfaction of any judgment obtained thereon, the plaintiff was to have a sum equal to fifty per cent. thereof as the value of his services therein" while he cannot be deprived of his lien, he must submit to his client's honest judgment in the compromise of the claim against the defendant.

*(3)  Attorney's Lien.   Settlement of Action.*

Pub. Laws, cap. 1515, January session, 1917, giving an attorney a lien to the value of his contractual interests in the cause of action, does not interfere with the right of the client to settle with his adversary contrary to the advice or the wish of his attorney, provided such settlement is made without fraud upon the attorney's rights.

*(4)  Attorney's Lien.   Pleading.*

In an action to enforce an attorney's lien brought against the original defendant, an allegation in the declaration that the parties in secret conference fraudulently conspired to settle for the purpose of defeating the plaintiff of his compensation, is too general to be regarded as a charge that the settlement was not a *bona fide* settlement of the action.

*(5)  Attorney's Lien.   Fraudulent Settlement.*

Under the provisions of Pub. Laws, cap. 1515, January session, 1917, giving an attorney a lien, if the settlement made by the parties is fraudulent as affecting the attorney's rights it will be disregarded by the court.

*(6)  Attorney's Lien.   Pleading.   Damages.   Averment on Information and Belief.*

Where in an action to enforce an attorney's lien, brought against the original defendant, the declaration set out that upon settlement of the cause of action or upon the satisfaction of any judgment obtained thereon, the plaintiff was to have a sum equal to fifty per cent. thereof as the value of his services therein, and plaintiff further alleged that neither of the parties to the settlement had informed him as to the amount of the settlement, the declaration is bad on demurrer as failing to set out with certainty the amount of the damage, but the liberality which in the circumstances should be permitted will allow plaintiff to directly allege the amount of the settlement and hence of the value of his lien, upon information and belief.

*(7)  Amendment.   Declarations.   Exceptions.*

The Superior Court has power in its discretion to permit amendments to a declaration after the overuling of an exception to its action in sustaining a demurrer.

TRESPASS ON THE CASE. Heard on exception of plaintiff and overruled.

SWEETLAND, C. J. This is an action on the case brought under the statute by the plaintiff, an attorney at law of this bar, to recover the value of his lien for services rendered by him for his former client, Elizabeth L. Baxter, in her suit against Thomas F. Burke, the defendant in this case.

The plaintiff has withdrawn all the counts of his declaration except the second as amended. The allegations of the second count, as amended, are substantially as follows: that the plaintiff was the attorney of Elizabeth L. Baxter engaged in prosecuting her cause of action against Thomas F. Burke for alleged breach of promise of marriage, that, under the contract between the plaintiff and said Elizabeth L. Baxter regarding the plaintiff's compensation for his services in such action, the plaintiff was to conduct said action to a settlement or to a judgment and satisfaction thereof, and was to receive a sum equal to fifty per cent of said settlement or judgment; that on May 1, 1917, while said action of *Baxter* v. *Burke* was pending in the Superior Court the plaintiff gave notice to said defendant Burke of his relationship as attorney for Elizabeth L. Baxter in said action; that thereafter on December 15, 1917, said Burke and Baxter collusively and fraudulently for the purpose of defeating the plaintiff of his aforesaid compensation conspired together for a settlement of said claim and agreed not to proceed with said action and had said action discontinued and settled, and that said cause of action of *Baxter* v. *Burke* was of great value. In the Superior Court a demurrer to this count was sustained and the cause is before us upon exceptions to this action of the Superior Court.

The plaintiff relies upon Section 1, Chapter 1515, Public Laws, January Session, 1917. Said section is as follows: "Section 1. Whenever the relationship of attorney and client has been entered into by an implied or express con-

tract for service, wherein the attorney does not agree to be responsible for costs of suit the attorney shall have a lien to the value of his contractual interests in the cause of action, claim, demand, counter-claim, or other matter concerning which the contract is entered into.

"From the time notice is given by an attorney of the said relationship of attorney and client to the person or party against whom a claim, demand or counter-claim is made, or a cause of action or other matter is pending, the attorney's implied or express agreement shall begin to operate as a lien, and no settlement either before or after judgment shall invalidate it, but the same may be enforced like any other lien against the money or thing of value which is the consideration for the settlement, or the parties if they have made a settlement may be proceeded against jointly or severally in an action on the case at law and shall be jointly and severally liable to the attorney for the full value of his lien in accordance with his implied or express agreement."

(1) Under the provision of this statute the plaintiff after said notice to the defendant Burke had a lien in said cause of action to the value of his contractual interest therein, and no settlement made between Baxter and Burke could invalidate it. Upon a settlement of the action the plaintiff might enforce his lien against the money or thing of value which was the consideration of the settlement, or he was entitled to commence suit and recover against Baxter and Burke jointly and severally for the full value of his lien in accordance with his agreement entered into with Baxter. The plaintiff elected to pursue the latter course and under the statute the measure of his recovery is the value of his lien in accordance with his agreement for compensation made with his former client. In his argument before us counsel for the plaintiff appears to claim that under said agreement the compensation was to be fifty per cent of the value of Miss Baxter's cause of action; and that in this suit the plaintiff should be permitted to prosecute his former client's claim and obtain a finding by the jury as to the value

of the client's cause of action for the purpose of establishing the value of the plaintiff's lien. A case may arise in which it will be pertinent to consider whether an attorney, suing to recover the value of his lien, should be permitted to prosecute his client's cause of action for the purpose of fixing the amount of the attorney's recovery; but it does not appear to us to be material in the circumstances of this case. By the declaration it is not alleged that the plaintiff's "contractual interest" was fifty per cent of the value of Miss Baxter's cause of action; the averment is "that the said plaintiff upon the settlement of said cause of action . . . or upon the satisfaction of any judgment obtained thereon the plaintiff was to have a sum equal to fifty per cent thereof as the value of his services therein."

The lien statute under consideration does not expressly or by implication interfere with the right of the client to settle with his adversary contrary to the advice or the wish of his attorney, provided such settlement is made without fraud upon the attorney's rights. There is no averment in the declaration that the settlement therein alleged was not an honest and genuine one between the parties. The allegation that the parties in secret conference fraudulently conspired to settle for the purpose of defeating the plaintiff of his compensation is too general to be regarded as a charge that the settlement was not a *bona fide* settlement of the action. All that the averments of collusion and conspiracy, contained in the count, amount to is that "without the consent and against the protest of said plaintiff," the parties settled said action at law without permitting the plaintiff to take part in the negotiation or informing him as to the terms of the settlement. If a *bona fide* settlement, it furnishes the measure of the plaintiff's recovery in this action in accordance with his agreement for compensation. He saw fit to make an agreement with his client, not for the value of his services or for a stated fee, but that, in the event of settlement, he should receive a sum equal to fifty per cent. of the amount of said settlement. He was bound to know that

his right under the statute did not permit him to control the settlement or fix its terms and he must submit to his client's honest judgment in compromising her claim against the defendant. Nothing that she could do would deprive him of his lien but the amount of the lien was dependent upon the terms of the contract, which he had voluntarily made with her.

The statute in question is remedial in character; it should be liberally construed to promote the object for which it was enacted; and we are disposed to give it such construction. The cause of action, however, still remains the client's property. Upon that property the attorney has been given a lien, which is not destroyed by any settlement between the client and his adversary, neither does such lien present a bar to an honest settlement. If the settlement is fraudulent, as affecting the attorney's rights, such settlement will be disregarded by the court.

The averments of the declaration as to the plaintiff's damages are based upon his contention that the value of his lien is one half the value of the client's cause of action. The allegation is that "the value of said cause. of action, claim or demand was large" . . . "to wit of the value of thirty thousand dollars. To the damage of the plaintiff fifteen thousand dollars." The plaintiff has failed to set out with certainty the amount of his damage in accordance with the allegations regarding his contract with Miss Baxter. The general principles of correct pleading require that he should do so. The plaintiff alleges that neither of the parties to said settlement "has informed the plaintiff as to the amount or nature of the consideration for which said Elizabeth L. Baxter settled the aforesaid claim and cause of action." Nevertheless, the plaintiff may have sufficient knowledge of the same to enable him to amend his declaration and make a proper averment in that regard. In *Cox* v. *Providence Gas Company*, 17 R. I. 199, this court has said: "The rule of certainty in pleading is not too rigid to be reasonable. It was designed to further, not defeat, the ends

of justice; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits, and that, when the facts lie more in the knowledge of the opposite party than of the pleader, it allows a good deal of generality." If the exact terms of the agreement of settlement between Miss Baxter and the defendant Burke are not accessible to the plaintiff, the liberality, which in the circumstances should be granted to him, would permit him to directly allege the amount of the settlement, and hence of the value of his lien, upon information and belief.

(7) The plaintiff's exception to the sustaining of the demurrer is overruled. In accordance with the opinion in *Hebert* v. *Handy*, 28 R. I. 317, it is within the discretion of the Superior Court to permit a declaration to be amended after this court has approved the Superior Court's action in sustaining a demurrer to such declaration.

The case is remitted to the Superior Court for further proceedings.

*Knauer, Hurley & Fowler*, for plaintiff. *Walter J. Ladd*, of counsel.

*McGovern & Slattery*, for defendant.