DOWNEY ET AL., RESPONDENTS, v. NORTHERN PACIFIC RY. CO., APPELLANT.

(No. 5,567.)

(Submitted October 30, 1924. Decided December 29, 1924.)

[232 Pac. 531.]

*Infants—Contracts—Disaffirmance—Attorney and Client—Public Policy—Settlement of Action by Client—Attorney's Lien —Quantum Meruit—Appeal and Error—Evidence—Estoppel —Pleading.*

Appeal and Error—Witnesses—Objection to Question Need not be Repeated to Like Later Questions.
  1.  An objection to testimony on a given point once taken and overruled need not be repeated to subsequent questions of the same character to entitle the objecting party to urge error in permitting answers to be made to the latter questions.
Evidence—Statement Made by Minor to Witness as to His Age— Hearsay.
  2.  Testimony by plaintiffs, attorneys, in their action to recover the reasonable value of services in instituting action in behalf of a minor, relative to statements made to them by their client as to his age, was inadmissible as hearsay.
Infants—Estoppel—Special Pleading.
  3.  While as a general rule estoppel *in pais* has no application to a minor, he may be estopped from asserting the defense of infancy when he has procured some advantage or benefit by fraudulently representing himself to be of age and the other party, believing him, acted upon the representation, but in such case the estoppel must be specially pleaded, otherwise evidence of the facts constituting the estoppel is inadmissible.
Evidence—Damages—Estimate of Value—Inadmissibility.
  4.  Under the rule that a witness may not testify as to the value of damages sustained by him but may depose only to facts from which the jury can determine their value, an attorney was improperly permitted to state the amount he considered a reasonable and fair consideration for the settlement of an action for false imprisonment made by his client without his consent with the defendant in that action.
Trial—Cross-examination—Latitude Permissible.
  5.  A wide range of cross-examination is permissible and the trial court should incline to extend rather than restrict the right, but matters which have no connection with any statement made by

3.  Misrepresentation as to age as estoppel to plead infancy, see notes in 4 **Ann. Cas.** 535; 6 **A. L. R.** 416; 18 **A. L. R.** 520.

5.  Limiting cross-examination to scope of direct examination, see note in 17 **Ann. Cas.** 4.

[72 Mont. 166.]

the witness on his direct examination should not be permitted to be inquired into.

Same—Directed Verdict—When Improper.

6. A motion for a directed verdict which assumed that there was no dispute in the evidence upon a vital issue in the case, whereas there was some testimony thereon conflicting in character (though improperly admitted), was properly denied.

Attorney and Client — Fraudulently Inducing Client to Make Settlement—Defense of Infancy—Erroneous Instruction.

7. Where the defense in an action against a railway company for fraudulently inducing a client of plaintiff attorney to make a settlement of an action against it was that such client was a minor who had disaffirmed the contract of employment before making settlement, an instruction that even though defendant had established its defense, plaintiff might still recover the reasonable value of their services, *held* prejudicially erroneous.

Same—Minor Employing Attorney for Prosecuting Action for False Imprisonment—"Necessaries"—Disaffirmance of Contract.

8. *Quaere:* Is the employment of an attorney by a minor to prosecute an action for false imprisonment a "necessary" within the meaning of section 5681, Revised Codes of 1921, a contract for which he cannot disaffirm upon obtaining majority?

Infants—Disaffirmance of Contract—Exception to Rule—Pleading.

9. A party desiring to rely upon the exception to the rule that a minor may disaffirm a contract (sec. 5,680, Rev. Codes) provided for by section 5681, to the effect that he cannot disaffirm a contract to pay the reasonable value of things necessary for his support, must plead that the things furnished were necessaries in his complaint or reply.

Same—Disaffirmance of Contract—When Return of Consideration Unnecessary.

10. Where from the very nature or character of a consideration received by a minor for the execution of a contract (services performed by attorneys under a contract of employment to institute an action) it cannot be returned by him as required by section 5680 as a condition precedent to disaffirmance, he may disaffirm though unable to make return.

Attorney and Client—Contract of Employment—Provision Prohibiting Settlement of Action Without Consent of Other Party Void—Public Policy.

11. A provision in a contract of employment of an attorney that neither party could settle the contemplated suit without the consent of the other is void as against public policy, but its remaining provisions, if valid, may be enforced.

Same—Settlement of Action has Effect of Judgment—Attorney's Lien—*Quantum Meruit.*

12. Where a defendant settles a case with plaintiff without the knowledge or consent of the latter's attorney, the settlement has

---

9. Disaffirmance of contract for necessaries by infant, see notes in 18 **Am. St. Rep.** 643; 8 **Ann. Cas.** 131; 20 **Ann. Cas.** 593.

11. Validity of agreement in contract for contingent fee forbidding client to settle the claim without attorney's consent, see note in 14 **L. R. A. (n. s.)** 1101.

12. Compromise of action against client's direction as affecting right of attorney to compensation, see note in **Ann. Cas.** 1913D, 410.

the effect of a judgment for all purposes of the attorney's lien, with the result that the attorney's contract of employment becomes thereby fully performed on his part, entitling him thereupon to maintain an action on the *quantum meruit* for the recovery of the reasonable value of legal services rendered in instituting the action, the stipulated compensation becoming the *quantum meruit*.

Same—Settlement of Action—Basis upon Which to Compute Extent of Attorney's Lien.

13. In the absence of allegation and proof that a settlement made by defendant with plaintiff attorney's client without his knowledge was for an inadequate amount, it will be presumed in an action against the defendant making the settlement to recover for services rendered that the amount paid was adequate, and in such a case the amount paid is the basis upon which to compute the extent of the attorney's lien.

*Appeal from District Court, Silver Bow County; Jos. R. Jackson, Judge.*

Action by T. E. Downey and H. J. Freebourn, against the Northern Pacific Railway Company. Judgment for plaintiffs and defendant appeals. Judgment reversed and cause remanded for a new trial.

*Messrs. Walker & Walker* and *Messrs. Gunn, Rasch & Hall*, for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

While section 5680, Revised Codes, provides that a minor should restore the consideration received by him, on disaffirming a contract, this does not apply in cases where it is impossible to restore the consideration. (*Englebert* v. *Pritchett* (Neb.), 26 L. R. A. 177; *Stevenson* v. *Kaiser*, 59 N. Y. St. Rep. 515, 29 N. Y. Supp. 1122; *Craig* v. *Van Bebber*, 100 Mo. 584, 13 Am. St. Rep. 906, 18 Am. St. Rep. 569; *Chandler* v. *Simmons*, 97 Mass. 508, 93 Am. Dec. 117; *Whyte* v. *Rosencrantz*, 123 Cal. 634, 69 Am. St. Rep. 90, 56 Pac. 436; *Hawes* v. *Burlington etc. R. Co.*, 64 Iowa, 315, 20 N. W. 717.)

Contracts for necessaries: Plaintiffs' reply merely denies that Vaterlaus was a minor and does not attempt to avoid his repudiation of the contract on the ground that it related to

necessaries. "If the defendant sets up infancy as a defense, plaintiff in his replication must allege that the articles furnished were necessaries." (31 Cor. Jur., sec. 339½, p. 1161; *Medders* v. *Baxley Banking Co.*, 17 Ga. App. 703, 88 S. E. 407; *Goodman* v. *Alexander*, 165 N. Y. 289, 55 L. R. A. 781, 59 N. E. 145; *Gibbs* v. *Poplar Bluff L. & P. Co.*, 142 Mo. App. 19, 125 S. W. 840.)

Contracts such as the one here involved are, with few exceptions, held to be void as against public policy and in many jurisdictions it is held that where a contract, void as against public policy, has been entered into that the attorney cannot waive such contract and sue for the reasonable value of his services. (*Nichold* v. *Waters*, 20 Mich. 27, 167 N. W. 1; *Kansas City Elevated Ry. Co.* v. *Service*, 77 Kan. 316, 94 Pac. 262; *Moreland* v. *Devenney*, 72 Kan. 471, 83 Pac. 1097; *Gammons* v. *Gulbranson*, 78 Minn. 21, 80 N. W. 779; *Willemin* v. *Bateson*, 63 Mich. 309, 29 N. W. 734; *Ridgeway* v. *Wetterhold*, 96 Kan. 736, 153 Pac. 490; *Taylor* v. *Perkins*, 171 Mo. App. 246, 157 S. W. 122; *Roler* v. *Murray*, 112 Va. 780, Ann. Cas. 1913B, 1088, 38 L. R. A. (n. s.) 1202, 72 S. E. 665.)

If defendant's motion for a directed verdict was properly overruled and if plaintiffs are entitled to recover at all, they are not entitled to more than fifty per cent of the proceeds of the settlement. (6 C. J. 788; *Levy* v. *Public Service Ry. Co.*, 91 N. J. L. 183, 103 Atl. 171; *Davis & Michel* v. *Great Northern Ry. Co.*, 128 Minn. 354, 151 N. W. 128; *Greenleaf* v. *Minneapolis etc. Ry. Co.*, 30 N. D. 112, Ann. Cas. 1917D, 909, 151 N. W. 879; *Nichols* v. *Orr*, 63 Colo. 333, 2 A. L. R. 449, 166 Pac. 561; *Whilecotton* v. *St. Louis etc. Ry. Co.*, 250 Mo. 624, 157 S. W. 776; *McCormack* v. *Louisville etc. Ry. Co.*, 156 Ky. 465, 3 A. L. R. 461, 161 S. W. 518; *Johnson* v. *Missouri Pac. R. Co.*, 139 Ark. 507, 214 S. W. 17; *Gooding* v. *Lyon*, 63 Colo. 328, 166 Pac. 564; *In re Reisfield*, 187 App. Div. 223, 175 N. Y. Supp. 365; *Leary* v. *Sanzone* (Sup.), 180 N. Y. Supp. 149; *Cawley* v. *Burke*, 43 R. I. 188, 110 Atl. 609.)

It was error to admit statements of Leslie L. Vaterlaus, at about the time he employed plaintiffs, as to his age. This evidence was objected to as hearsay and as immaterial under the issues made by the plaintiffs. (*International Text-Book Co.* v. *Connelly,* 206 N. Y. 188, 42 L. R. A. (n. s.) 1115, 99 N. E. 722; *Conrad* v. *Lane,* 26 Minn. 389, 37 Am. St. Rep. 412, 4 N. W. 695; *Raymond* v. *General Motorcycle Co.,* 230 Mass. 54, 119 N. E. 359; *Tobin* v. *Spann,* 85 Ark. 556, 16 L. R. A. (n. s.) 672, 109 S. W. 534.)

*Mr. T. E. Downey* and *Mr. H. J. Freebourn, pro se,* submitted a brief; *Mr. Freebourn* argued the cause orally.

Infancy: In N. C. J. 1163 it is said: "When nothing appears to the contrary, persons entering into an agreement are presumed to be adults, and competent to contract, and hence one who relies upon the fact of infancy to defeat a contractual act or transaction has the burden of proving such infancy at the time of the transaction." (*Moore* v. *Sawyer,* 167 Fed. 826.)

"When an infant, by reason of his personal appearance, family surroundings, and business activities, coupled with a misrepresentation or fraudulent concealment, leads one who deals with him, in good faith, and not knowing that he is an infant, to believe that he is of age, he will be estopped from maintaining an action to avoid his executed contract. When he comes into equity seeking relief, he must come with clean hands. The privilege of infancy is a shield for the protection of the infant, and not a weapon of attack; nor is it to be used as a means of defrauding others." (*Board* v. *Hensley,* 147 Ky. 441, 42 L. R. A. (n. s.) 643, 144 S. W. 63.)

Restoration of Consideration: 31 Cyc., at page 1069, lays down the rule, which follows our statute, that "The general rule is that, upon disaffirmance, the parties should be restored to their original rights, by being placed *in statu quo.*"

In other words, restoration of the consideration is made a condition precedent to his right to disaffirm. (*Stanhope* v. *Shambow,* 54 Mont. 360, 170 Pac. 752; *Clark* v. *Tate,* 7 Mont.

171, 14 Pac. 761; *Spencer* v. *Collins,* 156 Cal. 298, 20 Ann. Cas. 49, 104 Pac. 320.)

Contract for Necessaries: In the note to *Grissom* v. *Beidleman,* Ann. Cas. 1914D, 605, is the following: " 'Legal services for the defense of the liberty or person of the infant or the prosecution of an action for an injury thereto are classed as necessaries, and an action will lie against the infant for a reasonable amount of compensation for such services.' 'A contract for legal services to an infant when held to be necessaries is binding only to the extent of a reasonable compensation.' In *Crafts* v. *Carr,* 24 R. I. 397, 60 L. R. A. 128, 53 Atl. 275, it was said, with respect to the question whether legal services are necessaries, that the authorities are divided as to whether the question is one of law or of fact."

In *Searcy* v. *Hunter,* 81 Tex. 644, 17 S. W. 372, the supreme court of Texas said: "Where services have been beneficial to the infant, we are of the opinion that reasonable compensation should be allowed."

Void Contract: Under this head appellant attempts to raise a question which is collateral to and beside the issues in this case. The action is based upon *quantum meruit,* and not upon a written contract. Appellant in its answer did not allege any defense based upon a void contract. The witness' conclusion was not, given over the objection of plaintiffs, sufficient to inject any such issue in this case. It is true that there was a written contract entered into by the parties whereby plaintiffs were to receive an amount equal to fifty per cent of any verdict obtained.

However, we are calling to this court's attention the case of *Matter of Snyder,* 190 N. Y. 66, 123 Am. St. Rep. 533, 13 Ann. Cas. 441, 14 L. R. A. (n. s.) 1101, 82 N. E. 742. There it is said, in part: "If the clause prohibiting a settlement without the consent of the attorneys is valid, the client has prevented them from carrying out their contract, and they are entitled to treat it as terminated and recover the actual value of services rendered before the breach, without reference to the

terms of the original contract. If the clause prohibiting the settlement without the consent of the attorneys is void as against public policy, so that it may be repudiated by the client, but yet is so connected with the clause prescribing the percentage of recovery which the attorneys were to receive as compensation that the latter clause falls with it, then again the attorneys must be entitled to recover the value of the services rendered by them upon the basis of actual worth.  *  *  *  "

The attorney's lien is one which a party, settling with his client, is bound to recognize, in so much as he has constructive notice of it. (*Oishei* v. *Metropolitan Street Ry. Co.*, 110 App. Div. 709, 97 N. Y. Supp. 447; *Peri* v. *N. Y. Central etc. Co.*, 152 N. Y. 521, 46 N. E. 849.)

We believe that the evidence produced by the plaintiffs clearly demonstrates collusion and fraud on the part of the defendants. In *Desaman* v. *Butler Bros.*, 118 Minn. 198, Ann. Cas. 1913E, 642, 136 N. W. 747, a Minnesota case, it was said: "Fairness and common honesty would indicate that settlements of law-suits should not be engineered in the dark, so as to permit an irresponsible or dishonest party to get away with the fruits of the attorney's work without payment for the services." (See, also, *Walsh* v. *Hoskins*, 46 Mont. 356, 128 Pac. 589.)

Amount of Recovery: On this branch of the case we cite: *Harris, Admr.*, v. *Root et al.*, 28 Mont. 159, 72 Pac. 429; *Coombe* v. *Knox*, 28 Mont. 202–205, 72 Pac. 641; *Sharp* v. *Sharp*, 66 Mont. 438, 213 Pac. 799; *Blankenship* v. *Decker*, 34 Mont. 292, 85 Pac. 1035; *Dalgarno* v. *Holloway*, 56 Mont. 561, 186 Pac. 332; *Foley* v. *Kleinschmidt*, 28 Mont. 198, 72 Pac. 432; *Elk Valley Coal Co.* v. *Willis & Meredith*, 149 Ky. 455, 149 S. W. 894.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges that the plaintiffs are duly licensed attorneys of this state practicing their profession at Butte, and that the defendant Northern Pacific Railway

Company is a corporation; that on the thirteenth day of December, 1922, acting as attorneys for the plaintiff therein they commenced an action in the district court of Silver Bow county entitled Leslie L. Vaterlaus, Plaintiff, *v.* Northern Pacific Railway Company and Sam McAlpin, Defendants, which action was numbered 26731 in the files and records of said court; that thereafter the defendants therein filed a joint answer; that while said action was pending, and before a trial thereof had been had upon the merits, it was dismissed by the clerk of the court upon receipt of a *praecipe* for its dismissal signed by the plaintiff therein; that said *praecipe* was signed and filed and said case dismissed without the knowledge or consent of the plaintiffs. It is then alleged that the defendants "fraudulently, collusively and maliciously connived with and induced the said plaintiff Vaterlaus to dismiss said action No. 26731, without and against the consent of and without the knowledge" of the plaintiffs; that these plaintiffs were the only attorneys of record of the plaintiff in said cause No. 26731; that they had a lien upon the plaintiff's cause of action for the amount of their attorney's fees therein, and that the services which they performed in that connection were of the reasonable value of $1,500, no part of which had been paid, and they ask for judgment against the defendants in this action for the sum of $1,500 actual damages, and $1,000 exemplary damages.

Service of summons in this action was not made upon the defendants McAlpin and Leslie L. Vaterlaus, and they did not appear. The defendant Northern Pacific Railway Company filed an answer in which the commencement and dismissal of said cause No. 26731 are admitted as alleged in the complaint, except that it is denied that the dismissal was procured by fraud or collusion. For a separate defense the answer alleges that when said cause No. 26731 was commenced by the plaintiffs, the said Leslie L. Vaterlaus was a minor under the age of twenty-one years; that at said time no general guardian or guardian *ad litem* had been appointed to act for or

on his behalf; that he was without capacity to enter into a legal contract with the plaintiffs, and that he thereafter disaffirmed and repudiated the pretended contract with plaintiffs for the commencement of said action on his behalf.

To this answer the plaintiffs filed a reply in which it was denied that when said Leslie L. Vaterlaus entered into the contract with the plaintiffs for the commencement of case No. 26731 he was a minor under the age of twenty-one years, but alleged that he was an adult over the age of twenty-one years and legally competent to enter into such contract. The case was tried before a jury on February 11, 1924, and resulted in a verdict and judgment in favor of the plaintiffs for the sum of $1,000. At the close of all the testimony the defendant had made a motion for a directed verdict upon grounds which will be hereafter noted. Defendant made a motion for a new trial, which was denied, and this appeal is from the judgment.

The testimony introduced at the trial showed that Leslie L. Vaterlaus had or claimed to have a cause of action against the Northern Pacific Railway Company and one Sam McAlpin, its special agent, for an alleged false imprisonment, and that he arranged with the plaintiffs to act as his attorneys in the commencement and prosecution of a suit to recover damages therefor under a contingent fee contract by which they were to receive as their compensation one-half of the amount realized, which contract further provided that neither party should be permitted to settle the case without the consent of the other. Vaterlaus advanced the necessary funds to cover the fees for filing the complaint and making service of process upon the defendants, and thereafter, on December 13, 1922, plaintiffs commenced the action, as agreed, in the district court of Silver Bow county, the same being No. 26731 on the records of said court. In due course the defendants filed an answer in said case. While the action was pending, and before the trial thereof, one M. W. Simmonds, district claim agent of the defendant Northern Pacific Railway Company, having learned

that the plaintiff Vaterlaus had gone to his father's home in Cowley, Wyoming, went to that place for the purpose of interviewing him. While there, in the course of a conversation with Vaterlaus and his father, Simmonds was advised that Vaterlaus was a minor of the age of twenty years, and thereupon, representing his employer, the Northern Pacific Railway Company, agreed with Vaterlaus and his father upon a basis of settlement for the damages claimed by Vaterlaus in said action No. 26731. To consummate the settlement, Vaterlaus, his father, and Simmonds went to Billings where Vaterlaus and his father employed counsel, had the elder Vaterlaus appointed guardian *ad litem* of his son Leslie L. Vaterlaus, and commenced a suit in the district court of Yellowstone county against the Northern Pacific Railway Company upon the same cause of action set out in the complaint in cause No. 26731. Immediately following the commencement of this suit, and on the same day, an order of the district court of Yellowstone county was obtained, authorizing its compromise and settlement for the sum of $275. Thereupon the defendant paid to Vaterlaus and his father the sum of $275, and said action was dismissed as fully settled upon the merits. In connection with this settlement, and as part thereof, the defendant also obtained an order from Leslie L. Vaterlaus, directed to the clerk of the district court of Silver Bow county, instructing him to dismiss said action No. 26731, which order was subsequently filed in that court, and the clerk thereof made an order of dismissal of said action on March 23, 1923. The above-mentioned settlement, as well as the dismissal of said action No. 26731, was without the knowledge or consent of the plaintiffs, and they were never paid anything for their services in connection therewith. Other matters developed in the testimony will be referred to at appropriate places in later portions of this opinion.

1. Under the issues as framed by the pleadings in this case, it is apparent that one of the vital questions was the age of Leslie L. Vaterlaus. If the plaintiffs had no legal contract

upon which they could assert a valid claim against him for the services which they rendered in case No. 26731, they cannot maintain this suit, since the right to recover against the defendant herein depends solely upon their right to recover from him.

The elder Vaterlaus, father of Leslie L., appearing as a witness for defendant, testified that Leslie L. was born on September 25, 1902, at Montpelier, Bear Lake county, Idaho. The testimony showed that the agreement alleged to have been entered into between the plaintiffs and Leslie L. was dated about the —— day of September 1922, so that if the statement of the elder Vaterlaus was true, Leslie L. was at that time just about twenty years of age.

[1]

While the plaintiff Freebourn was being examined as a witness in plaintiffs' behalf, the following transpired:

"Q. Did he [referring to Leslie L. Vaterlaus] ever state to you what his age was?

"Mr. Walker: Objected to as calling for the conclusion of the witness, and hearsay.

"Mr. Hall: And on the further ground that it is immaterial under the issue as formed in this case.

"The Court: In the reply, the plaintiffs allege that Vaterlaus was not a minor?

"Mr. Hall: Yes.

"The Court: I will overrule your objection.

"Mr. Hall: Note our exception.   (No answer.)

"Q. What age did he state he was?   A. He said he was twenty-three years of age."

Later on, the plaintiff Downey, testifying as a witness for the plaintiffs, was interrogated as follows in reference to a conversation with Leslie L. Vaterlaus:

"Q. And at that time, did you have any conversation with him respecting his age?

"Mr. Hall: We object to this, as immaterial under the issues; not binding on the defendant.

"The Court: Overruled.

"A. Yes, sir.

"Q. What was that conversation?   A. Why, he said  *  *  *
that he was twenty-three."

Aside from the statements attributed to Leslie L. Vaterlaus
by these witnesses, there is no refutation in the record of the
direct testimony of the elder Vaterlaus as to the age of Leslie
L., hence their importance.

Defendant's first specification of error is predicated upon
the ruling of the court in admitting these statements.   The
plaintiffs, however, say that the defendant is precluded from
urging this point because the record in each instance shows
that no objection was made to the final question in response to
which the objectionable statements were made, and, in support
of this contention, invoke the rule, frequently announced by
this court, to the effect that error may not be predicated upon
the admission of testimony when it was received without ob-
jection.   The rule invoked is not applicable here.   In each
of the instances the first question asked, to which proper
objection was made, by necessary reference, related to the
facts sought to be elicited from the witness in reply to the
last question.   The last questions developed naturally from,
and were in effect but continuations of, the questions objected
to.   Under such conditions it was not necessary for counsel
to repeat their objections to each of the series of questions.
(*Thomas* v. *Carey*, 26 Colo. 485, 58 Pac. 1093; *Cooper* v. *Bower*,
78 Kan. 156, 96 Pac. 59; *Diamond Coal Co.* v. *Cook*, 6 Cal.
Unrep. 446, 61 Pac. 578.)

The information elicited from the witness Freebourn was
[2]  hearsay, and not within any exception to the rule per-
mitting its use.   The objection to it should have been sustained
on that ground.   While Leslie L. Vaterlaus was named as a
party defendant in this suit, he was not served with process
and did not appear.   Any statements made by him were not
binding upon the defendant Northern Pacific Railway Com-
pany.

This testimony, as well as the similar testimony of the witness Downey above quoted, should have been excluded upon the second ground of the objection, namely, that it was inadmissible under the issues in the case.

The doctrine is quite generally accepted that estoppel *in pais* [3] has no application to a minor. (*Weiland* v. *Kobick*, 110 Ill. 16, 51 Am. Rep. 676; *Schnell* v. *City of Chicago*, 68 Ill. 383, 87 Am. Dec. 304; *Sims* v. *Everhardt*, 102 U. S. 300, 26 L. Ed. 87.)   There is, however, a line of cases which holds that a minor may be estopped from asserting the defense of infancy when he has procured some advantage, property or benefit by fraudulently representing himself to be of age, and where the other party has believed in, relied and acted upon such false representations (*Hayes* v. *Parker*, 41 N. J. Eq. 630, 7 Atl. 511; *Schmidtheimer* v. *Eiseman*, 7 Bush (Ky.), 298), but to make such an estoppel available it must be specially pleaded (*Cobbey* v. *Buchanan*, 48 Neb. 391, 67 N. W. 176), and unless properly pleaded, evidence of facts constituting estoppel are not admissible (*City of Butte* v. *Mikosowitz*, 39 Mont. 350, 102 Pac. 593).   In the instant case no estoppel is pleaded by plaintiffs, and it follows that the objection to the above-quoted testimony of both Freebourn and Downey should have been sustained for that reason.

The admission of this testimony was clearly prejudicial to the rights of the defendant, for without it there would have been no evidence to go to the jury upon the question of the infancy of Leslie L. Vaterlaus:   For this error of the court, the judgment must be reversed and the cause remanded for a new trial.   Under these circumstances, it becomes necessary to examine and pass upon the other alleged errors pointed out in appellant's brief.

2. Over objection of the defendant that the same was immaterial to any issue in the case, plaintiffs were permitted to introduce in evidence a letter addressed to them by Leslie L. Vaterlaus, dated December 6, 1922, inclosing a money order for $10 (to cover court fees in case No. 26731), and making in-

quiry as to whether they "still feel like pushing the case in court for me or whether you have gotten cold feet," mentioning the fact that up to the time of his enforced stay in jail he had borne a spotless reputation, and stating 'the effect which this incarceration had upon him, and over a like objection were also permitted to introduce in evidence a letter from Emil Vaterlaus, father of Leslie L., dated October 2, 1922, in which he detailed the effect of his son's incarceration upon himself and the boy's mother.

The objection to each of these letters should have been sustained by the court. They were wholly immaterial to any issues in the case, and the statements which they contained were mere hearsay so far as the defendant was concerned.

3. Over appropriate objections of the defendant, the witness [4] Freebourn was permitted to testify that he did not consider the $275 which Vaterlaus received in settlement of his case a fair consideration therefor, and that he would consider $2,500 a fair and reasonable consideration for its settlement.

The "fair and reasonable consideration" for settlement of the case referred to was an estimate by the witness of the money value of the damages which Leslie L. Vaterlaus sustained by reason of his alleged false imprisonment at the instigation of the defendant. In principle there is no distinction between permitting the witness in this case to give his estimate of the amount of money which would have compensated Vaterlaus for his alleged damages, and permitting him to express the same opinion upon the trial of the case, if it had not been settled.

The general rule is that it is not within the province of a witness to testify as to the value of damages sustained in such a case, but that he should testify only to facts from which the jury will be able to determine the amount of the damages. (*DeWald* v. *Ingle*, 31 Wash. 616, 96 Am. St. Rep. 927, 72 Pac. 469; *Anderson* v. *Ogden Union Ry.*, 8 Utah, 128, 30 Pac. 305; *Ohio etc. Ry. Co.* v. *Nickless*, 71 Ind. 271; *Atchison etc.*

*Ry. Co.* v. *Snedeger*, 5 Kan. App. 700, 49 Pac. 103; *Tenny* v. *Rapid City*, 17 S. D. 283, 96 N. W. 96.)

The objection to this testimony should have been sustained, and it was error to permit it to be given.

4. Specification of error No. 6 is: ''The court erred in permitting plaintiffs, over objection of defendant, to cross-examine defendant's witness, Emil Vaterlaus, at length on matters or facts not stated in his direct examination, or connected therewith.''

Section 10665, Revised Codes of 1921, permits a wide range [5] for cross-examination, and the court should be inclined to extend rather than to restrict the right, and to permit a witness to be interrogated not only as to the facts stated by him in his direct examination but all other facts connected with them, either directly or indirectly, which tend to enlighten the jury upon the question in controversy.

Reading the entire testimony of this witness, both direct and cross, leads us to the conclusion that his cross-examination was unduly extended. He was interrogated at length upon matters which did not have even a remote connection with anything stated by him on his direct examination. While we would not be inclined to hold that the error of the court in this respect was sufficiently prejudicial to warrant a reversal of the judgment, it is suggested that if this witness appears upon a retrial of this action, his cross-examination should be limited so as to come within the spirit of the rule laid down in section 10665.

5. Specifications of error 7 and 8 are predicated upon the [6] action of the court in refusing to grant defendant's motion for a directed verdict upon the first and third grounds thereof and in giving instruction No. 2.

The grounds of defendant's motion for a directed verdict above referred to were that the evidence in the case conclusively shows that, at the time Leslie L. Vaterlaus employed plaintiffs to commence the action numbered 26731, he was under the age of twenty-one, and did not have the legal capacity to

enter into a binding contract; that he thereafter repudiated the contract, and that, being a minor, he did not have the legal capacity to file a suit in his own name.

Instruction No. 2 above referred to is a copy of section 8993, Revised Codes of 1921, relative to the compensation of attorneys, which provides that an attorney has a lien upon his client's cause of action which cannot be vacated by any settlement between the parties before or after judgment. The objection made to this instruction was that it was not applicable to the facts in the case because the evidence showed that Leslie L. Vaterlaus was a minor and had disaffirmed the contract of employment entered into with the plaintiffs as his attorneys and so had a right to make settlement after disaffirmance, and that no lien for attorneys' fees would attach to the proceeds received in such settlement.

The court did not err in either refusing to grant defendant's motion for a directed verdict upon the grounds mentioned or in giving instruction No. 2 over the objection made. Both the grounds of the motion and the objection to the instruction assumed that there was no dispute in the evidence as to the minority of Leslie L. Vaterlaus; whereas there was some testimony in the case (although improperly admitted, as heretofore pointed out) tending to show that he was twenty-three years of age when he employed the plaintiffs to act as attorneys, and therefore competent to contract.

6. Instruction No. 7, given by the court, in effect advised **[7]** the jury that even though they believed from the evidence that Leslie L. Vaterlaus was a minor at the time of the commencement of suit No. 26731, and was without capacity to enter into a legal contract with plaintiffs, and that he thereafter disaffirmed his pretended contract with them for the commencement of said suit, still, if they believed "from a preponderance of the evidence that plaintiffs have proved the allegations of their complaint," they should return a verdict in favor of plaintiffs for the reasonable value of the services performed by them in connection with said action.

To the giving of this instruction the defendant objected for the reasons, amongst others, that it was confusing and misleading, and in effect advised the jury that they must find a verdict in favor of plaintiffs notwithstanding the defense of the minority of Leslie L. Vaterlaus set up in the answer. These objections were well grounded. Under this instruction the jury was in effect expressly commanded to disregard the entire defense interposed in the action, and to direct their attention solely to a consideration of whether the plaintiffs had established the facts alleged in their complaint; and if they determined that such facts had been proven, to return a verdict in their favor. The theory upon which this instruction was given is not apparent to us, and we are not aided by plaintiffs' brief, as it is not given even a passing mention. The instruction is clearly erroneous, and since it peremptorily deprived the defendant of the benefit of its entire affirmative defense, was highly prejudicial.

7. The remaining specifications of error can all be properly treated together, since collectively they involve a consideration of the following questions: (a) Was the contract between the plaintiffs and Leslie L. Vaterlaus one which the latter could disaffirm if he was a minor; (b) assuming that Leslie L. Vaterlaus was a minor, under the age of twenty-one years when he entered into the contract with the plaintiffs to institute the action numbered 26731, was he required as a condition precedent to its disaffirmance, to pay plaintiffs for the services which they had rendered prior to the disaffirmance; (c) if Vaterlaus was not a minor, was his contract with plaintiffs void as against public policy because of the provision therein that neither party should be permitted to settle the case without the consent of the other; and (d) if this contract was void as against public policy, were the plaintiffs entitled to recover any compensation for the service rendered as a result of this contract, and, if so, how much?

(a) Section 5680, Revised Codes of 1921, provides: "In all [8] cases other than those specified by sections 5681 and

5682 of this Code, the contract of a minor may, upon restoring the consideration to the party from whom it was received, be disaffirmed by the minor himself, either before his majority or within a reasonable time afterwards.  *  *  *  "

There is some argument made that the contract in question falls within the exception mentioned in section 5681, referred to in the above-quoted section, which exception is to the effect that a minor cannot disaffirm a contract, otherwise valid, to pay the reasonable value of things necessary for his support.

Claiming that there is an analogy between cases which have held that a minor is liable as for necessaries for the reasonable fees of counsel for defending him in a criminal action (*Askey* v. *Williams,* 74 Tex. 294, 5 L. R. A. 176, 11 S. W. 1101), for defending him in a bastardy proceeding which affects his liberty and good name (*Barker* v. *Hibbard,* 54 N. H. 539, 20 Am. Rep. 160), the prosecution of an action by an infant for seduction (*Hickman* v. *McDonald,* 164 Iowa, 50, 145 N. W. 322), and other cases of like character, it is argued that the prosecution of an action for a false imprisonment was essential to the protection of the good name and fame of Leslie L. Vaterlaus, and that counsel fees incurred in that connection should be classed as necessaries.

While we are not impressed with the argument that the compensation for services rendered by the plaintiffs in action No. 26731 falls within the exception mentioned in section 5681, we are relieved of the necessity of determining the matter in this case, for the reason that it is not properly presented in [9] the pleadings. The rule in such cases is stated in Maxwell on Pleading, 448, as follows: "If the consideration for the contract or promise was necessaries or the defendant had ratified the contract by a new promise after he became of age, these facts may be stated in the reply. In those states where no reply is required the necessary facts such as ratification, necessaries, etc., must be stated in the petition." The rule above stated, that matters of avoidance of a plea of infancy must be pleaded in the replication in an action at

law, seems to be well established. (*American Freehold L. M. Co.* v. *Dykes,* 111 Ala. 178, 59 Am. St. Rep. 38, 18 South. 292; *Medders* v. *Baxley Banking Co.,* 17 Ga. App. 703, 88 S. E. 407; *Gibbs* v. *Poplar Bluff L. Co.,* 142 Mo. App. 19, 125 S. W. 840; *Goodman* v. *Alexander,* 165 N. Y. 289, 55 L. R. A. 781, 59 N. E. 145. See, also, 31 C. J. 1161, sec. 339½, 12 Standard Ency. Proc. 759.) Since there are no allegations in either the complaint or reply bringing the contract under consideration within the provisions of section 5681, *supra,* plaintiffs cannot now assert that they are within the exception mentioned in that section.

(b) Section 5680, *supra,* gives to a minor the right to disaffirm his contract within the time mentioned "upon restoring the consideration to the party from whom it was received."

Plaintiffs take the position that Leslie L. Vaterlaus did not have a right to disaffirm his contract with them without paying or offering to pay them the value of the services which they had performed in case No. 26731. In support of this contention they call attention to the case of *Spencer* v. *Collins,* 156 Cal. 298, 20 Ann. Cas. 49, 104 Pac. 320, in which it is held under the California statute that a minor over the age of eighteen years could only repudiate a partly executed contract for services of an attorney, by paying the reasonable value of the services he had performed thereunder. The California statute (Civ. Code, sec. 35) differs materially from ours. It provides: " * * * And if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received, *or paying its equivalent.*" In the case cited it was said: "All the minor is obliged to restore is what he received from the other side. That, in this case, consisted of services. The services themselves not being capable of restoration, the minor was required to return their equivalent, which consisted of the reasonable value of such services."

Since our statute does not contain the final clause ''or paying its equivalent,'' which is found in the California Act, it would seem that the above quotation disposes of this argument of plaintiffs, for that case expressly holds that the services themselves are not capable of restoration. Manifestly, it was impossible for Leslie L. Vaterlaus to restore to the plaintiffs the time and effort expended or the skill exercised by them in preparation of the various proceedings in case No. 26731. ''The law never requires impossibilities.'' (Sec. 8760, Rev. Codes 1921.) And where, by the very nature or character of the consideration received by a minor, it cannot be returned by him, his right to disaffirm a contract will not be defeated by his inability to return it.

(c) The provision of the contract in question to the effect [11] that neither party could settle the contemplated suit without the consent of the other is void as against public policy. In *Ford* v. *Gregson,* 7 Mont. 89, 14 Pac. 659, this court said: ''The law is a peacemaker, and will not recognize any contract which will not leave any litigant free to compromise and settle his suit if he chooses so to do.'' Many cases holding that such a stipulation is void, as against public policy, will be found cited in the following paragraphs of this opinion.

(d) The provision with reference to settlement referred to in the preceding paragraph being void as against public policy, it becomes necessary to examine into its effect upon the remaining portions of the contract.

There is much diversity of judicial opinion upon this subject, but the cases seem to fall into three classes: First: Those which hold that the contract is void; that the illegality extends to all its provisions; and no recovery can be had upon the *quantum meruit* for services rendered thereunder. (*Kansas City Elev. R. Co.* v. *Service,* 77 Kan. 316, 14 L. R. A. (n. s.) 1105, 94 Pac. 262; *Davis* v. *Chase,* 159 Ind. 242, 95 Am. St. Rep. 294, 64 N. E. 88; *Burho* v. *Carmichiel,* 117 Minn. 211, Ann. Cas. 1913D, 305, 135 N. W. 386; *Davy* v. *Fidelity Insurance Co.,* 78 Ohio St. 256, 125 Am. St. Rep. 694, 17 L. R. A. (n. s.) 443,

85 N. E. 504.)   Second: Those which hold that although the contract is void as against public policy, the attorneys may nevertheless recover upon the *quantum meruit,* for services actually rendered thereunder. (*Snyder* v. *Foster,* 190 N. Y. 66, 123 Am. St. Rep. 533, 13 Ann. Cas. 441, 14 L. R. A. (n. s.) 1101, 82 N. E. 742; *Davis* v. *Webber,* 66 Ark. 190, 74 Am. St. Rep. 81, 45 L. R. A. 196, 49 S. W. 822; 5 Am. & Eng. Ency. of Law, 2d ed., p. 828.)   Third: Those which hold that the provision is void, but if the contract is otherwise valid, the invalid ·clause may be stricken from the contract and the balance upheld. (*Greenleaf* v. *Minneapolis R. Co.,* 30 N. D. 112, Ann. Cas. 1917D, 909, 151 N. W. 879; *Howard* v. *Ward,* 31 S. D. 114, 139 N. W. 771; *Porter* v. *Ajax Min. Co.,* 22 Utah, 273, 61 Pac. 999; *Newport Rolling Mill Co.* v. *Hall,* 147 Ky. 598, 144 S. W. 760.)

In the last-cited case the contract under consideration was not unlike the one before us, and the court, after having determined that the provision limiting the right of settlement was void as against public policy, said: "We are disposed to the view that this contract may be treated as a severable one, and that the objectionable clause may be stricken from it without affecting the validity of the remainder of the contract. The clause in question does not particularly concern the consideration specified in the contract, and it is generally in reference to contracts in which a part of the consideration is illegal that the courts have ruled that the entire contract was tainted." The rule adopted in this last group of authorities is most appealing to us.

In the contract between plaintiffs and Leslie L. Vaterlaus the substantial considerations were that plaintiffs should give their services in the commencement and prosecution of case No. 26731, and that as their compensation Vaterlaus should pay them therefor one-half of the amount realized in the litigation. These agreements were mutual and dependent one upon the other. The further stipulation with reference to the

settlement did not enter into or constitute a part of the considerations and had no material bearing upon them.

In framing their complaint, plaintiffs proceeded upon the [12] theory that the stipulation relative to settlement rendered the entire contract invalid, and that they were entitled to recover the reasonable value of the services rendered by them in case No. 26731. When the defendant settled with Vaterlaus for the cause of action mentioned in case No. 26731, the settlement had the effect of a judgment for all purposes of the plaintiff's lien (*Walsh* v. *Hoskins,* 53 Mont. 198, 162 Pac. 960), and thereby the contract became fully performed on their part.

Under the foregoing construction of the contract the suit may still proceed upon the plaintiffs' complaint, under the doctrine announced by this court in *Blankenship* v. *Decker,* 34 Mont. 298, 85 Pac. 1035, in which it was held: "Upon a complete performance of an express contract for services at a stipulated compensation, there seems to be no sound reason why a recovery may not be had upon the *quantum meruit.* (*Burgess* v. *Helm,* 24 Nev. 242, 51 Pac. 1025; *Shepard* v. *Mills,* 173 Ill. 223, 50 N. E. 709; *Fells* v. *Vestvali,* 2 Keyes (N. Y.), 152.) In such case the effect of proof of the express contract is to make the stipulated compensation the *quantum meruit* in the case." (See, also, *Foley* v. *Kleinschmidt,* 28 Mont. 200, 72 Pac. 432.)

It still remains to determine what, under the circumstances [13] detailed, is the proper basis upon which to compute the amount of plaintiffs' recovery, if they are entitled to recover at all.

Attention is here directed to the fact that there is no allegation in the complaint to the effect that the sum of $275 paid in settlement of the Vaterlaus claim, was an inadequate consideration therefor. In the absence of appropriate pleading and proof to the contrary, it must be presumed that the amount paid was adequate. When an adequate consideration is paid in settlement of an action in which the attorneys have

a contract for a portion of the amount realized as their compensation, even though the settlement is made without their knowledge or consent, the amount paid in settlement must be taken as the basis from which to compute the amount of the attorneys' lien. (*Davis & Michel* v. *Great Northern Ry. Co.,* 128 Minn. 354, 151 N. W. 128; 6 C. J. 790; *Greenleaf* v. *Minneapolis etc. R. Co., supra; Nichols* v. *Orr,* 63 Colo. 333, 2 A. L. R. 449, 166 Pac. 561; *Whitecotton* v. *St. Louis & H. Ry. Co.,* 250 Mo. 624, 157 S. W. 776; *McCormack* v. *Louisville & N. R. Co.,* 156 Ky. 465, 3 A. L. R. 461, 161 S. W. 518; *Gooding* v. *Lyon,* 63 Colo. 328, 166 Pac. 564; *Johnson* v. *Missouri Pac. R. Co.,* 139 Ark. 507, 214 S. W. 17; *In re Reisfield,* 187 App. Div. 223, 175 N. Y. Supp. 365; *Leary* v. *Sanzone* (Sup.), 180 N. Y. Supp. 149; *Cawley* v. *Burke,* 43 R. I. 188, 110 Atl. 609.)

Under their contract and the pleadings in the case the plaintiffs are entitled to recover only one-half of the amount realized; that is, one-half of the sum for which the case was settled.

For the reasons above indicated, the judgment is reversed and the cause remanded, with directions to grant the defendant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES RANKIN and HOLLOWAY, and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.